UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALLEN LOCKHART,<br>Plaintiff,<br>v.<br>SACRAMENTO POLICE DEPARTMENT,<br>Defendant. | Case No. 2:26-cv-3294-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a detainee in the Rio Cosumnes Correctional Center, brings this action under section 1983 alleging that an unnamed officer with the Sacramento Police Department used excessive force against him. The complaint states a potentially cognizable Fourteenth Amendment[1] claim against the unnamed officer, but it does not state a claim against the Sacramento County Police Department itself. Accordingly, I recommend that the Sacramento

[1] Unlike prisoners, whose excessive force claims arise under the Eighth Amendment, a pretrial detainee's excessive force claims arise under the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). And, to the extent that plaintiff was not even a pre-trial detainee at the time of the alleged incident, the Fourteenth Amendment still provides the proper standard for the claim. *See Ingraham v. Wright*, 430 U.S. 651, 673 n.42 (1977) ("The right of personal security is also protected by the Fourth Amendment, which was made applicable to the States through the Fourteenth because its protection was viewed as 'implicit in the concept of ordered liberty'. . . enshrined in the history and the basic constitutional documents of English-speaking peoples.").

Police Department be dismissed. Additionally, because this action cannot proceed until the unnamed officer is identified and served, I will direct plaintiff to provide identifying information for service within thirty days of this order's entry.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, on July 4th (presumably of this year), an unnamed officer with the

Sacramento County Police Department entered a bathroom at a Target department store and used excessive force against him while he was defecating. ECF No. 7 at 3. He claims the officer, without justification, lifted him off the toilet and threw him against the bathroom wall. *Id.* This Fourteenth Amendment claim may proceed against the unnamed officer. But plaintiff does not, to the extent he seeks to, state any claim against the Sacramento County Police Department itself. As I noted in my prior screening order, the police department can only be held liable under section 1983 if the alleged harm to plaintiff was the result of some harm or custom of the department. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal policy or custom that caused the plaintiff's injury.") (internal quotation marks omitted). Plaintiff has not identified any offending policy or custom.

Accordingly, I will recommend that the Sacramento Police Department be dismissed as a defendant. I will order plaintiff to provide sufficient identifying information to serve the unnamed officer within thirty days. If he fails to comply with this order, I will recommend that it be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. Within thirty days of this order's entry, plaintiff must provide sufficient identifying information to serve the unnamed officer implicated in his Fourteenth Amendment claim. If he fails to do so, I will recommend dismissal for failure to prosecute.

Further, it is RECOMMENDED that the Sacramento County Police Department be dismissed as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE